UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH,<br>  aka TAHEE ABD'RASHEED, | ) <br> ) | 1:04-cv-05352-AWI-DLB-HC |
| Petitioner, | ) <br> ) | **ORDER ADOPTING FINDINGS AND RECOMMENDATION** (Docs. 45, 47) |
| v. | ) <br> ) | **ORDER DENYING PETITIONS FOR WRIT OF MANDATE** (Docs. 40, 41, 42,46) |
| SCRIBER, WARDEN, et al., | ) <br> ) | |
| Respondents. | ) <br> ) | **ORDER TRANSFERRING CASE** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On March 15, 2005 and April 12, 2005, the Magistrate Judge filed Findings and Recommendation that the Petition for Writ of Mandate be DENIED.  These Findings and Recommendation were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On April 28, 2005, Petitioner filed objections to the Findings and Recommendation.

//

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Petitioner is improperly objecting to the conditions of his confinement in this habeas corpus action.

This action is proceeding on Petitioner's second amended petition, filed April 12, 2005.[1] (Court Doc. 48.) Because it is clear from reviewing the second amended petition that Petitioner is challenging the validity of his conviction obtained in the San Mateo County Superior Court, the action must be transferred to the appropriate federal court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in

---

[1] On April 30, 2004, the Court issued an order to show cause why the original petition filed on February 26, 2004, should not be dismissed for failing to state a claim and failing to exhaust the state court remedies. (Court Docs. 1, 12.) Petitioner filed an amended petition on September 7, 2004. (Court Doc. 20.) On October 12, 2004, the Court directed Respondent to file a response to the petition. On November 16, 2004, Petitioner filed a motion to amend the petition. (Court Doc. 28.) The motion was granted on December 3, 2004, and the Court vacated its October 12, 2004, order directing Respondent to file a response. (Court Doc. 30.) Petitioner submitted a second amended petition on April 12, 2005. (Court Doc. 48.)

which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The proper venue for challenging the validity of his conviction is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.

Although Petitioner has filed in the proper district court to challenge the execution of his sentence, this petition should be heard by the district court containing the sentencing court. Habeas corpus claims relating to a conviction or sentence should be filed in the court where Petitioner was sentenced, not in this district. See 28 U.S.C. § 2241(d); Local Rule 81-191(g). Additionally, the resolution of Petitioner's claims involving the sentencing court may render his remaining claims moot.

Petitioner is challenging a conviction from San Mateo County, which is in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

Accordingly, IT IS HEREBY ORDERED that:

1.   The Findings and Recommendation, filed March 15, 2005 and April 12, 2005, are ADOPTED IN FULL;

2.   The Petitions for Writ of Mandate, filed February 14, 2005, February 24, 2005, and March 21, 2005, are DENIED; and

3.   This action is transferred to the United States District

Court for the Northern District of California.

IT IS SO ORDERED.

**Dated:   June 15, 2005**              _____/s/ Anthony W. Ishii_____
0m8i78                                    UNITED STATES DISTRICT JUDGE